HENRY W. S. GRISWOLD *vs.* GEORGE W. HEARD & others.

A testator, by his will, gave the sum of $1,000 to his grandson, and to his brother the sum of $15,000, in trust to invest the same at his discretion, and to pay the income thereof to the testator's daughter A. for life; "the two preceding legacies to be raised by my executors as soon after the settlement of my estate as they shall think expedient;" and gave to his wife during life, for her use and benefit, the income and profit of all his real and personal estate, "except the legacies above mentioned;" and gave one third of the residue of his estate, at the death of his wife, to each of his two other daughters, and the remaining third to the children of his daughter A. and the survivor of them, and directed that, in estimating this third part, the "$15,000 given in trust for my daughter A. shall be taken as a portion thereof, but it is not to be paid over to her children till the capital shall fall in at her death." *Held,* that the word "legacies" included the prin cipal sum of $15,000, and not merely the income thereof; and that upon the death of A., though in the lifetime of the testator's widow, A.'s children were entitled to that sum.

ACTION OF CONTRACT, brought by the only surviving son of Ann Griswold, a daughter of the late John Heard, against the trustee and executors under the will of said John Heard, wherein the plaintiff prayed for relief in equity, pursuant to *St.* 1853, *c.* 369.

The declaration set forth the will of John Heard, dated May 23d 1839, and proved on the 27th of said May, and containing the following provisions :

"*First.* After the payment of my debts and all charges upon my estate, I give to my grandson John Heard Griswold, who was named for me, the sum of one thousand dollars.

"*Second.* I give to my brother George W. Heard, in trust, the sum of fifteen thousand dollars, to be by him invested in the manner he shall think the most judicious, and the income and profits thereof to be paid over quarterly to my daughter Ann Griswold for her support and maintenance during her life, on her own separate and personal receipts. The two preceding leg- acies to be raised by my executors as soon after the settlement of my estate as they shall think expedient.

"*Thirdly.* I give to my dearly beloved wife Susan, for her own absolute use, all my household furniture, goods, plate, pic- tures, books, horses, carriages," &c.

"*Fourthly.* I give to my wife, during life, for her use and ben-

efit, the income and profits of all my real and personal estate, except the legacies above mentioned.

"*Fifthly.* I hereby authorize my executors, or the survivor, to sell all or any part of my real estate."

"*Sixthly.* At and upon the death of my wife, I give one third of the residue and remainder of my real and personal estate to my daughter Susan, and her heirs; another third thereof in trust to my brother George W. Heard, to be by him held, and the income thereof from time to time to be paid over to my daughter Frances Maria Winthrop, during life, for her own use, upon her separate receipt; and upon her death, I give this third of the residue of my estate to her children."

" The remaining third part of said residue I give to the children of my daughter Ann, to be divided equally between them, and to their heirs, and to the survivor of any dying under twenty one years, unmarried and without issue. In estimating this third part, I direct that the fifteen thousand dollars, given in trust for my daughter Ann, shall be taken as a portion thereof; but it is not to be paid over to her children till the capital shall fall in at her death."

"*Lastly.* I appoint my said wife Susan, and my brother Augustine Heard, to be the executors of this my will."

The declaration also set forth that the trustee and executors respectively accepted, and were now acting in their trusts, and that the trustee had received from the executors, and now held invested, the sum of $15,000; and that Ann Griswold died on the 17th of June 1851, having had two children, one of whom died in March 1849, under twenty one years of age, unmarried and without issue, leaving the plaintiff the sole survivor. And the plaintiff claimed the whole fund of $15,000, and all the income thereof which had accrued since the death of his mother; and alleged a demand on the trustee, and his refusal to pay.

The defendants demurred, on the ground that the declaration did not " state a legal cause of action, substantially in accordance with the rules in the practice acts of this commonwealth contained," in the following particulars:

1st. That, by the will of John Heard, it appears to have

been his intention, that the $15,000, or whatever should remain thereof, should be added to the general residue of his estate, or otherwise kept as a trust fund, so that his wife should receive the net income during her life; and it appears by the pleadings that she is living.

2d. That by the will it does not appear to have been the intention of the testator, that the children, or any child, of Ann Griswold should receive said sum of $15,000, or any part thereof, or the income, or any part thereof, during the life of the testator's wife; but that the enjoyment thereof should be postponed to a period subsequent to her decease.

*C. G. Loring & F. O. Watts*, for the plaintiff.

*E. S. Rand*, for the defendants. The testator, after providing, by the first clause of his will, for the payment of $1,000 to his grandson, and, by the second clause, for investing in the hands of a trustee $15,000, the income of which was to be paid to his daughter Mrs. Griswold during life, gives to his widow the use and income of all his other property for life; and then directs that, upon her decease, his estate shall be divided into three parts, for the benefit of his three daughters. It thus clearly appears to have been his intention that his widow should have the use of all his estate, except the legacy of $1,000 to his grandson, and the income of the $15,000 which Mrs. Griswold was to enjoy during her life. It is true that he used the word "legacies" in speaking of both these sums; but he evidently attached very different meanings to it as applied to the two, regarding it in the one case as a definite sum of money, in the other as an amount to accrue yearly from a sum of money which he directs to be raised and invested for the purpose of yielding such yearly amount. The word "legacy" may mean, and has often been held to mean, an annuity or yearly payment. That the testator used the word in this sense is evident from the sixth clause of the will, in which he treats the principal sum as a part of the residue of his estate, and as going to make up the one third part of such residue which was to belong to the children of Mrs. Griswold.

But if the testator, by the word "legacy," intended the principal sum of $15,000, and Mrs. Heard was therefore not entitled

to the income of that sum after the decease of Mrs. Griswold, still, the plaintiff is not entitled to the sum until Mrs. Heard's decease. For, by the sixth clause, the testator expressly directs that the residue of his estate shall be divided into three parts, after the decease of his widow, and that this sum of $15,000 shall be estimated as a portion of the third part given to the children of Mrs. Griswold.

THOMAS, J. The question raised by the declaration and demurrer is, whether the plaintiff was entitled to receive the sum of fifteen thousand dollars at the decease of his mother, Mrs. Griswold, or at the decease of the testator's widow, Mrs. Heard. The answer to the question is to be found in the will itself.

It is plain, we think, from an analysis of the provisions of the will, that the word "legacy," as used by the testator, applies to the principal sum of fifteen thousand dollars, and not to the income and profits of that sum. The direction that the "two preceding legacies," that is, the legacy of one thousand dollars given to his grandson, and that given in trust for his daughter Ann, shall be "raised by his executors as soon after the settlement of his estate as they shall think expedient," refers obviously to the principal sum of fifteen thousand dollars, and would be insensible if applied to the income and profits of that sum, payable quarter-yearly during the life of his daughter, the *cestui que trust*. This is made certain by the considerations that the trustee and executors are different persons; that the direction is to the executors to raise a sum to be paid to the trustee; and that the mode of its investment is left to the discretion of the trustee, and not of the executors.

In the final distribution of his estate, the testator treats the principal sum as the legacy, speaking of the fifteen thousand dollars as given in trust for his daughter, and directing that it shall be taken as a portion of the third part given to her children, adding that "it," that is, the sum of fifteen thousand dollars, "is not to be paid over to her children till the capital shall fall in at her death."

If this be the use of the word legacy by the testator, it follows that Mrs. Heard has no title to the income and profits of

this sum of fifteen thousand dollars. The language of the will is explicit. " I give to my wife, during life, the income and profits of all my real and personal estate, except the legacies above mentioned," that is, except the legacy of one thousand dollars given to my grandson, the legacy of fifteen thousand dollars given in trust for my daughter, and the specific legacy given to my wife for her own absolute use.

The only question remaining is whether the payment of the fifteen thousand dollars is to be postponed till the decease of Mrs. Heard. Having ascertained that Mrs. Heard has no interest in the income of that sum, there would seem to be no good reason for such postponement. On the other hand, the will clearly indicates the intention of the testator to make immediate provision for Mrs. Griswold. The reason which induced the testator to make such provision for the mother would seem to apply with equal force to her children. But we are not left to conjecture, however reasonable, as to the time when this legacy of fifteen thousand dollars is to be paid to the children or child of Mrs. Griswold. When the testator says, " it " (the fifteen thousand dollars) " is not to be paid to her children till the capital shall fall in at her death," he fixes the time of payment. The necessary implication, in the absence of other provisions, is that at her death it is to be paid over.          *Demurrer overruled.*